## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATIVITY OF THE VIRGIN MARY ORTHODOX CHURCH, | ) ) ) | |
| Plaintiff, | ) ) | Cause No.: |
| vs. | ) ) | Circuit Court of Madison County Case No. 20-L-000115 |
| CHURCH MUTUAL INSURANCE COMPANY and DANIEL M. STEWART, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

<u>**NOTICE OF REMOVAL**</u>

COMES NOW Defendant, Church Mutual Insurance Company (hereinafter "Church Mutual"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and for its Notice of Removal, states as follows:

1.     This cause was initiated by Plaintiff, Nativity of the Virgin Mary Orthodox Church (hereinafter "Nativity") in the Third Judicial Circuit, Madison County, Illinois, on January 30, 2020.  The action was initially styled Nativity of the Virgin Mary Orthodox Church v. Church Mutual Insurance Company and has been assigned case number 20-L-000115 (the "State Court Action").  The Plaintiff later filed an Amended Complaint which added Defendant Daniel M. Stewart (hereinafter "Defendant Stewart").  This notice serves to effect full removal of this case pursuant to 28 U.S.C. § 1446(d), thereby precluding any further proceedings on the matter in the Circuit Court of Madison County, Illinois.  A copy of all process, pleadings, and orders served upon Church Mutual in the State Court Action are attached to this Notice of Removal as Exhibits A through F as required by 28 U.S.C. § 1446(a).

2.    The State Court Action was filed on January 30, 2020, initially against only Church Mutual and sought an amount less than $75,000.  This initial Complaint was served on Church Mutual on February 28, 2020 and Church Mutual's Answer was timely filed on March 24, 2020. On June 9, 2020, the state court granted Nativity's Motion to File an Amended Complaint and Nativity filed its First Amended Complaint on June 9, 2020.  The Amended Complaint seeks an amount "in excess of $50,000" and included specified damages of: "a. water mitigation costs of $64,336.29; b. loss income in the amount of $3,367.97; c. potential costs of tear down and re-build of at least $85,319.76; and d. other consequential damages."  The First Amended Complaint also included for the first time, Defendant Stewart, a captive insurance agent of Church Mutual.  The initial Complaint filed by Nativity was not removeable because the amount in controversy did not exceed $75,000.  The First Amended Complaint, filed on June 9, 2020 is the first Complaint filed by Nativity that is removeable as the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. § 1446(b)(3), this notice is timely filed within 30 days of service of the First Amended Complaint, which is the pleading from which Church Mutual first ascertained that the case is removable.

3.    Church Mutual has a right of removal and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity as to all non-fraudulently joined parties and all properly brought claims and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.    Nativity is a church that is located in Madison County, Illinois.  Church Mutual is a Wisconsin insurance company that is authorized to do business in the State of Illinois.  In the initial Complaint, there was complete diversity of citizenship between plaintiff and defendant, however the initial Complaint sought an amount not to exceed $75,000, and therefore was not

removeable to Federal Court.  Nativity moved the Court to amend its Complaint and for the first time sought an amount in excess of $75,000 while also naming Defendant Stewart as a Defendant in the lawsuit, who is an Illinois citizen.  Nativity's inclusion of non-diverse Defendant Stewart in the Amended Complaint was done for the sole purpose of defeating diversity jurisdiction.  The inclusion of Defendant Stewart is a fraudulent joinder because Nativity has no possibility of sustaining a cause of action against Defendant Stewart on its pleaded claims against him.  Because Defendant Stewart was fraudulently joined, this Court has diversity jurisdiction over this action and it is properly removable.

5.      Notice of the filing of this Notice of Removal will be provided to Plaintiff via e-mail.  A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Madison County, Illinois, in accordance with the provisions of 28 U.S.C. § 1446(d), along with a Notice of that filing.  Both Church Mutual and Defendant Stewart are represented by undersigned counsel and both consent to this Notice of Removal.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

6.      To confer subject matter jurisdiction on the court based on diversity of citizenship, the amount in controversy must exceed the sum of $75,000, exclusive of interest and costs.  The Amended Complaint seeks an amount "in excess of $50,000" and included a specified damages of: "a. water mitigation costs of $64,336.29; b. loss income in the amount of $3,367.97; c. potential costs of tear down and re-build of at least $85,319.76; and d. other consequential damages." Accordingly, the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction.

**DIVERSITY EXISTS BETWEEN ALL NON-FRAUDULENTLY JOINED PARTIES**

7.      Nativity is a church that is located in Madison County, Illinois, and upon information and belief, is a citizen of Illinois for purposes of diversity jurisdiction.

8.      Defendant Church Mutual is a corporation organized and existing under the laws of the state of Wisconsin with its principal place of business in Merrill, Wisconsin.

9.      Removal to this Court is proper pursuant to 28 U.S.C. § 1446(a) because the State Court Action was filed in Madison County, Illinois, which is within this federal district.

**DEFENDANT STEWART HAS BEEN FRAUDULENTLY JOINED**

10.      The only party that would potentially destroy diversity jurisdiction is Defendant Stewart, who was only added to the lawsuit when Nativity Amended its Complaint to seek an amount in excess of $75,000.   This was done for the sole purpose of destroying diversity jurisdiction and the inclusion of Defendant Stewart in the State Court Action was fraudulent because Nativity has no possibility of recovering against Defendant Stewart on its pleaded claims against him.

11.      A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).   A plaintiff may not join a nondiverse defendant simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999).   The "fraudulent joinder" doctrine allows a district court considering removal "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009)(quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).   Fraudulent joinder is the filing of a claim against a non-diverse

4

defendant that "simply has no chance of success." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). A party can demonstrate a non-diverse defendant was fraudulently joined by showing a plaintiff cannot establish a cause of action against the non-diverse defendant. *Id.*

12.    If a plaintiff's claims against a defendant are barred because the statute of limitations had expired against the defendant, then they can be dismissed as having been fraudulently joined. See: *LeBlang Motors, Ltd. v. Subaru of America, Inc.*, 148 F.3d 680, 690-91 (7th Cir. 1998)(because "the time to bring the cause of action had expired,…the district court was correct in dismissing [non-diverse defendant] as fraudulently joined."); *Hill v. C.R. Bard, Inc.*, 582 F.Supp.2d 1041, 1049 (C.D. Ill. 2008).

13.    Defendant Stewart is a captive insurance agent employed by Church Mutual. In its Amended Complaint, Nativity brought two Counts against Defendant Stewart: a count for Negligent Procurement of Insurance and a count for violation of the Illinois Consumer Fraud Act.

14.    Defendant Stewart, as a captive insurance agent that only sells Church Mutual policies, is an "insurance producer" under 735 ILCS 5/13-214.4. *American Family Mut. Ins. Co. v. Krop*, 2018 IL 122556, ¶15, 427 Ill.Dec. 915, 120 N.E.3d 982 (2018). Pursuant to 735 ILCS 5/13-214.4, any negligent claim or any statutory claim, such as claims under the Illinois Consumer Fraud Act, against Defendant Stewart relating to the sale, placement, procurement, renewal, cancellation of, or failure to procure insurance has a 2-year statute of limitations. 735 ILCS 5/13-214.4("[a]ll causes of action brought by any person or entity under any statute or any legal or equitable theory against an insurance producer, registered firm or limited insurance representative concerning the sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance shall be brought within 2 years of the date the cause of action accrues").

15.     A claim for negligent procurement of insurance against an insurance producer accrues on the date the insured first purchases the insurance policy. *Krop*, at ¶38.  Insurance customers should know the specifics of their policy as soon as they purchase it. *Id.*, at ¶22.  The Illinois Supreme Court has reasoned that the accrual date for negligent procurement of insurance claims occurs when the policy is issued because an insured is obligated to read the insurance policy and understand its terms. *Krop*, at ¶¶ 22, 29, 38.  "Expecting customers to read their policies and understand the terms incentivizes them to act in good faith to purchase the policy they actually want, rather than to delay raising an issue until after the insurer has already denied coverage." *Id.* at ¶29.

16.     Under 735 ILCS 5/13-214.4:  "All causes of action brought by any person or entity under any statute or any legal or equitable theory against an insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance shall be brought within 2 years of the date the cause of action accrues."  The policy at issue in this matter has a policy period from May 1, 2017 to May 1, 2020, and therefore, the latest the causes of action for negligent procurement of insurance and under the Illinois Consumer Fraud Act against Defendant Stewart could accrue is May 1, 2017.   Therefore, Nativity had to file all causes of action against Defendant Stewart no later than May 1, 2019.  The First Amended Complaint, which is the first pleading stating causes of action against Defendant Stewart, was filed on June 9, 2020.  Nativity's causes of action against Defendant Stewart fail because they are barred by the statute of limitations.

17.     Defendant Stewart should be dismissed as having been fraudulently joined.  See: *LeBlang*, 148 F.3d at 690-91.

6

18.    Because Defendant Stewart was fraudulently joined, this Court should ignore Defendant Stewart for jurisdiction purposes.  There is complete diversity between Nativity and Church Mutual and the amount in controversy exceeds $75,000, and therefore, removal is appropriate.

## CONCLUSION

WHEREFORE, for the forgoing reasons, Defendant Church Mutual Insurance Company gives notice that this civil action has been removed from the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois.

Respectfully submitted,


/s/ Robert W. Cockerham _____
Robert W. Cockerham #6195220 IL
COCKERHAM & ASSOCIATES, L.L.C.
10803 Olive Boulevard
St. Louis, Missouri  63141
(314) 621-3900
(314) 621-3903 Facsimile
rcockerham@cockerhamlaw.com

Attorneys for Defendants Church Mutual
Insurance Company and Daniel M. Stewart


## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2020, the foregoing was filed electronically with the Clerk of the Court and served on all parties of record via email.



/s/ Robert W. Cockerham _____